## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIAWEI TECHNOLOGY (USA), LTD.; SHENZHEN JIAWEI PHOTOVOLTAIC LIGHTING CO., LTD; and JIAWEI TECHNOLOGY (HK), LTD., | ) ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ADVENTIVE IDEAS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

Plaintiffs Jiawei Technology (USA) Ltd., Shenzhen Jiawei Photovoltaic Lighting Co.,

Ltd. and Jiawei Technology (HK) Ltd. (collectively, "Jiawei"), by and through their undersigned

counsel, seek declarations that no valid, enforceable claim of each of the United States Patent

Nos. 7,196,477 ("the '477 Patent"), 7,429,827 ("the '827 Patent"), 7,336,157 ("the '157 Patent"),

7,967,465 ("the "464 Patent"), 8,077,052 ("the '052 Patent"), 8,089,370 ("the '370 Patent") and,

8,104,914 ("the '914 Patent") (collectively, the "patents in dispute") has been infringed by

Jiawei.  Jiawei hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of patent invalidity and non-

infringement arising under the patent laws of the United States, Title 35 of the United States

Code.

## PARTIES

2.      Plaintiff Jiawei Technology (USA) Ltd. is a Delaware corporation with its

principal place of business at 2373 Lincoln Ave., Hayward, California 94545.

3.      Plaintiff Shenzhen Jiawei Photovoltaic Lighting Co., Ltd. is a Chinese company

with its principal place of business in Hong Kong.

4.      Plaintiff Jiawei Technology (HK) Ltd. is a Chinese company with its principal

place of business in Hong Kong.

5.      Defendant Adventive Ideas, LLC ("Adventive") is a Delaware corporation with

its principal place of business at 47 Grasmere Way, Princeton, New Jersey 08540.  On

information and belief, Adventive is the assignee of the patents in dispute.

## JURISDICTIONAL STATEMENT

6.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et

seq.*, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

7.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1338(a), 2201(a), and 2202.

8.      This Court has personal jurisdiction over defendant Adventive because, among

other things, Adventive is incorporated under the laws of Delaware, and has availed itself of the

benefits and protections of Delaware law.

9.      An immediate, real, and justiciable controversy exists between Jiawei and

defendant Adventive as to whether any valid, enforceable claim of the patents in dispute has

been infringed by Jiawei.

2

## VENUE

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) .

## BACKGROUND OF THE CONTROVERSY

11.      Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

12.      Commencing on or about April 2011, Simon Nicholas Richmond ("Richmond"), the named inventor of the '477 and '827 patents, and on information and belief the President and founder of Adventive, approached Jiawei on behalf of Adventive indicating that the '477 and '827 patents were relevant to Jiawei's products, including color changing solar lights.

13.      In discussions with Jiawei, Richmond suggested that color changing solar lights infringe his patents.

14.      Jiawei investigated the '477 and '827 patents and communicated to Adventive Jiawei's belief that the patents appeared to be invalid.

15.      The parties continued to discuss the validity of the '477 and '827 patents and Adventive's assertions that they were relevant to Jiawei's products through December 2011 and January 2012.  Adventive has taken the position that its patents are valid and that they are relevant to Jiawei's products.

16.      Jiawei disputes that it infringes any valid claim of either the '477 or '827 patents.

17.      More recently, but in the context of the same discussions, Adventive identified U.S. Patent Nos. 7,336,157; 7,967,465; 8,077,052; 8,089,370; and 8,104,914, implying that Adventive believes these patents are valid and relevant to Jiawei's products.

3

## FIRST CLAIM FOR RELIEF

### (Declaration of Invalidity of the '477 Patent)

18.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

19.     Adventive purports to be the assignee of U.S. Patent No. 7,196,477, "Solar Powered Light Assembly to Produce Light of Varying Colors," which issued on March 27, 2007 and lists Simon Nicholas Richmond as the named inventor.  A copy of the '477 Patent is attached as Exhibit A.

20.     Adventive contends that the '477 Patent is valid or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the invalidity of the '477 Patent.

21.     Each and every claim of the '477 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including (without limitation) Sections 101, 102, 103, and/or 112.

## SECOND CLAIM FOR RELIEF

### (Declaration of Non-infringement of the '477 Patent)

22.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

23.     Adventive purports to be the assignee of U.S. Patent No. 7,196,477, "Solar Powered Light Assembly to Produce Light of Varying Colors," which issued on March 27, 2007 and lists Simon Nicholas Richmond as the named inventor.

24.     On information and belief, Adventive purports to be the owner and assignee of all rights, title, and interest in and under the '477 Patent.

4

25.    Adventive has accused Jiawei of infringing the '477 Patent or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '477 Patent.

26.    Jiawei is not infringing and has not infringed any valid claim of the '477 Patent by making, using, or selling any of its products, and Adventive is not entitled to any relief arising under or relating to its purported rights in the '477 Patent.

### THIRD CLAIM FOR RELIEF

### (Declaration of Invalidity of the '827 Patent)

27.    Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

28.    Adventive purports to be the assignee of U.S. Patent No. 7,429,827, "Solar Powered Light Assembly to Produce Light of Varying Colours," which issued on September 30, 2008 and lists Simon Nicholas Richmond as the named inventor.  A copy of the '827 Patent is attached as Exhibit B.

29.    Adventive contends that the '827 Patent is valid or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the invalidity of the '827 Patent.

30.    Each and every claim of the '827 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including (without limitation) Sections 101, 102, 103, and/or 112.

## FOURTH CLAIM FOR RELIEF

### (Declaration of Non-infringement of the '827 Patent)

31.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

32.     Adventive purports to be the assignee of U.S. Patent No. 7,429,827, "Solar Powered Light Assembly to Produce Light of Varying Colours," which issued on September 30, 2008 and lists Simon Nicholas Richmond as the named inventor.

33.     On information and belief, Adventive purports to be the owner and assignee of all rights, title, and interest in and under the '827 Patent.

34.     Adventive has accused Jiawei of infringing the '827 Patent or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '827 Patent.

35.     Jiawei is not infringing and has not infringed any valid claim of the '827 Patent by making, using, or selling any of its products, and Adventive is not entitled to any relief arising under or relating to its purported rights in the '827 Patent.

## FIFTH CLAIM FOR RELIEF

### (Declaration of Invalidity of the '157 Patent)

36.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

37.     Adventive purports to be the assignee of U.S. Patent No. 7,336,157, "Illuminated Wind Indicator," which issued on February 26, 2008 and lists Simon Nicholas Richmond as the named inventor. A copy of the '157 Patent is attached as Exhibit C.

38.     Adventive contends that the '157 Patent is valid or, at a minimum, by its

communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the invalidity of the '157 Patent.

39.     Each and every claim of the '157 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including (without limitation) Sections 101, 102, 103, and/or 112.

## SIXTH CLAIM FOR RELIEF

### (Declaration of Non-infringement of the '157 Patent)

40.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

41.     Adventive purports to be the assignee of U.S. Patent No. 7,336,157, "Illuminated Wind Indicator," which issued on February 26, 2008 and lists Simon Nicholas Richmond as the named inventor.

42.     On information and belief, Adventive purports to be the owner and assignee of all rights, title, and interest in and under the '157 Patent.

43.     Adventive has accused Jiawei of infringing the '157 Patent or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '157 Patent.

44.     Jiawei is not infringing and has not infringed any valid claim of the '157 Patent by making, using, or selling any of its products, and Adventive is not entitled to any relief arising under or relating to its purported rights in the '157 Patent.

## SEVENTH CLAIM FOR RELIEF

### (Declaration of Invalidity of the '465 Patent)

45.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

46.     Adventive purports to be the assignee of U.S. Patent No. 7,967,465, "Light Device," which issued on June 28, 2011 and lists Simon Nicholas Richmond as the named inventor.  A copy of the '465 Patent is attached as Exhibit D.

47.     Adventive contends that the '465 Patent is valid or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the invalidity of the '465 Patent.

48.     Each and every claim of the '465 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including (without limitation) Sections 101, 102, 103, and/or 112.

## EIGHTH CLAIM FOR RELIEF

### (Declaration of Non-infringement of the '465 Patent)

49.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

50.     Adventive purports to be the assignee of U.S. Patent No. 7,967,465, "Light Device," which issued on June 28, 2011 and lists Simon Nicholas Richmond as the named inventor.

51.     On information and belief, Adventive purports to be the owner and assignee of all rights, title, and interest in and under the '465 Patent.

52.     Adventive has accused Jiawei of infringing the '465 Patent or, at a minimum, by

its communications with Jiawei, has created a substantial, immediate, and real controversy

between the parties as to the non-infringement of the '465 Patent.

53.     Jiawei is not infringing and has not infringed any valid claim of the '465 Patent

by making, using, or selling any of its products, and Adventive is not entitled to any relief

arising under or relating to its purported rights in the '465 Patent.

## NINTH CLAIM FOR RELIEF

### (Declaration of Invalidity of the '052 Patent)

54.     Jiawei restates and incorporates by reference each and every allegation

previously set forth in this Complaint as though fully set forth herein.

55.     Adventive purports to be the assignee of U.S. Patent No. 8,077,052,

"Illuminated Wind Indicator," which issued on December 13, 2011 and lists Simon Nicholas

Richmond as the named inventor.  A copy of the '052 Patent is attached as Exhibit E.

56.     Adventive contends that the '052 Patent is valid or, at a minimum, by its

communications with Jiawei, has created a substantial, immediate, and real controversy

between the parties as to the invalidity of the '052 Patent.

57.     Each and every claim of the '052 Patent is invalid for failing to satisfy one or

more of the conditions for patentability specified in Title 35 of the United States Code,

including (without limitation) Sections 101, 102, 103, and/or 112.

## TENTH CLAIM FOR RELIEF

### (Declaration of Non-infringement of the '052 Patent)

58.     Jiawei restates and incorporates by reference each and every allegation

previously set forth in this Complaint as though fully set forth herein.

59.     Adventive purports to be the assignee of U.S. Patent No. 8,077,052,

"Illuminated Wind Indicator," which issued on December 13, 2011 and lists Simon Nicholas Richmond as the named inventor.

60.     On information and belief, Adventive purports to be the owner and assignee of all rights, title, and interest in and under the '052 Patent.

61.     Adventive has accused Jiawei of infringing the '052 Patent or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '052 Patent.

62.     Jiawei is not infringing and has not infringed any valid claim of the '052 Patent by making, using, or selling any of its products, and Adventive is not entitled to any relief arising under or relating to its purported rights in the '052 Patent.

## ELEVENTH CLAIM FOR RELIEF

### (Declaration of Invalidity of the '370 Patent)

63.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

64.     Adventive purports to be the assignee of U.S. Patent No. 8,089,370, "Illuminated Wind Indicator," which issued on January 3, 2012 and lists Simon Nicholas Richmond as the named inventor. A copy of the '370 Patent is attached as Exhibit F.

65.     Adventive contends that the '370 Patent is valid or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the invalidity of the '370 Patent.

66.     Each and every claim of the '370 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including (without limitation) Sections 101, 102, 103, and/or 112.

## TWELFTH CLAIM FOR RELIEF

### (Declaration of Non-infringement of the '370 Patent)

67.    Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

68.    Adventive purports to be the assignee of U.S. Patent No. 8,089,370, "Illuminated Wind Indicator," which issued on January 3, 2012 and lists Simon Nicholas Richmond as the named inventor.

69.    On information and belief, Adventive purports to be the owner and assignee of all rights, title, and interest in and under the '370 Patent.

70.    Adventive has accused Jiawei of infringing the '370 Patent or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '370 Patent.

71.    Jiawei is not infringing and has not infringed any valid claim of the '370 Patent by making, using, or selling any of its products, and Adventive is not entitled to any relief arising under or relating to its purported rights in the '370 Patent.

## THIRTEENTH CLAIM FOR RELIEF

### (Declaration of Invalidity of the '914 Patent)

72.    Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

73.    Adventive purports to be the assignee of U.S. Patent No. 8,104,914, "Light Device," which issued on January 31, 2012 and lists Simon Nicholas Richmond as the named inventor.   A copy of the '914 Patent is attached as Exhibit G.

74.    Adventive contends that the '914 Patent is valid or, at a minimum, by its

11

communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the invalidity of the '914 Patent.

75.     Each and every claim of the '914 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including (without limitation) Sections 101, 102, 103, and/or 112.

## FOURTEENTH CLAIM FOR RELIEF

### (Declaration of Non-infringement of the '914 Patent)

76.     Jiawei restates and incorporates by reference each and every allegation previously set forth in this Complaint as though fully set forth herein.

77.     Adventive purports to be the assignee of U.S. Patent No. 8,104,914, "Light Device," which issued on January 31, 2012 and lists Simon Nicholas Richmond as the named inventor.

78.     On information and belief, Adventive purports to be the owner and assignee of all rights, title, and interest in and under the '914 Patent.

79.     Adventive has accused Jiawei of infringing the '914 Patent or, at a minimum, by its communications with Jiawei, has created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '914 Patent.

80.     Jiawei is not infringing and has not infringed any valid claim of the '914 Patent by making, using, or selling any of its products, and Adventive is not entitled to any relief arising under or relating to its purported rights in the '914 Patent.

12

**PRAYER FOR RELIEF**

WHEREFORE, Jiawei prays for the following relief:

     1.     That the Court find and declare that U.S. Patent No. 7,196,477 is invalid;

     2.     That the Court find and declare that U.S. Patent No. 7,196,477 is not and has not been infringed by Jiawei;

     3.     That the Court find and declare that U.S. Patent No. 7,429,827 is invalid;

     4.     That the Court find and declare that U.S. Patent No. 7,429,827 is not and has not been infringed by Jiawei;

     5.     That the Court find and declare that U.S. Patent No. 7,336,157 is invalid;

     6.     That the Court find and declare that U.S. Patent No. 7,336,157 is not and has not been infringed by Jiawei;

     7.     That the Court find and declare that U.S. Patent No. 7,967,465 is invalid;

     8.     That the Court find and declare that U.S. Patent No. 7,967,465 is not and has not been infringed by Jiawei;

     9.     That the Court find and declare that U.S. Patent No. 8,077,052 is invalid;

     10.     That the Court find and declare that U.S. Patent No. 8,077,052 is not and has not been infringed by Jiawei;

     11.     That the Court find and declare that U.S. Patent No. 8,089,370 is invalid;

     12.     That the Court find and declare that U.S. Patent No. 8,089,370 is not and has not been infringed by Jiawei;

     13.     That the Court find and declare that U.S. Patent No. 8,104,914 is invalid;

     14.     That the Court find and declare that U.S. Patent No. 8,104,914 is not and has not been infringed by Jiawei;

15. That the Court find this an exceptional case and award Jiawei their costs and attorney's fees pursuant to 35 U.S.C. § 285 or otherwise; and

16. That the Court grant Jiawei such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Jiawei hereby demands a jury trial as to all issues triable to a jury.

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
        Philip A. Rovner (#3215)
        Jonathan A. Choa (#5319)
        Hercules Plaza
        P.O. Box 951
        Wilmington, DE 19899
        (302) 984-6000
        provner@potteranderson.com
        jchoa@potteranderson.com

OF COUNSEL:

Anne M. Rogaski
Kilpatrick Townsend & Stockton LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 326-2400

Dated: February 8, 2012

*Attorneys for Plaintiffs*
*Jiawei Technology (USA), Ltd.,*
*Shenzhen Jiawei Photovoltaic Lighting Co.,*
*Ltd. and Jiawei Technology (HK), Ltd.*